UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TEVIN D. WINBORN,

          Plaintiff,

   v.                             CAUSE NO. 3:22-CV-54-DRL-MGG

MERIL *et al.*,

          Defendants.

## OPINION AND ORDER

Tevin D. Winborn, a prisoner without a lawyer, filed an amended complaint. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Winborn alleges that, on October 1, 2021, he was placed in the medical unit in cell 34 around 9:00 a.m. He told officers (he does not say who) that there was blood on the wall and floor. The officers removed him from the cell and placed him in a restraining chair on suicide watch. They then pushed the restraining chair back in the dirty cell, where he remained for a time (he does not know how long). When officers entered to remove him from the chair, they saw the blood. They permitted Mr. Winborn to shower and, while he was showering, they cleaned the cell.

Because Mr. Winborn is a pretrial detainee, his claims about the conditions of the jail must be assessed under the Fourteenth Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Mr. Winborn does not describe how any defendant named in this lawsuit was personally responsible for the conditions he experienced on October 1, 2021, he cannot proceed on this claim.

At 9:30 p.m. or 10:00 p.m. on October 2, 2021, a nurse was doing her rounds and Mr. Winborn tried to get her attention by kicking the door. Someone told him to stop, and he stopped. He was told by someone (he does not say who) to cuff up so he could be placed back in the restraining chair. Mr. Winborn said "no" and he also said that, if they used mace or a TASER on him, there would be a lawsuit and it would follow them to the streets. He also said that he feared for his life and would defend himself. These words were deemed a threat. He eventually allowed officers to enter the cell to remove him, placing his hands behind his back to be cuffed.

Officer Meril was placing Mr. Winborn's right hand in the restraining chair and said "stop resisting" and then started punching Mr. Winborn's right arm. Officer Messenger came from behind the chair and started choking Mr. Winborn. Officer Barnes was punching Mr. Winborn's left arm. Mr. Winborn told the officers he could not breath, but they kept punching him.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-37 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Giving Mr. Winborn the benefit of the inferences to which he is entitled at this stage of the case, his allegations state a claim against Officer Meril, Officer Barnes, and Officer Messenger.

For these reasons, the court:

(1) GRANTS Tevin D. Winborn leave to proceed against Officer Meril, Officer Barnes, and Officer Messenger in their individual capacities for compensatory and punitive damages for using excessive force against him on October 2, 2021, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Meril, Officer Barnes, and Officer Messenger at St. Joseph County Sheriff's Department, with a copy of this order and the amended complaint (ECF 3);

(4) ORDERS St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Meril, Officer Barnes, and Officer Messenger to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 13, 2022               *s/ Damon R. Leichty*
                             Judge, United States District Court