UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TEVIN D. WINBORN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-54-DRL-MGG |
| MERIL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Tevin D. Winborn, a prisoner without a lawyer, is proceeding in this case "against Officer Meril, Officer Barnes, and Officer Messenger in their individual capacities for compensatory and punitive damages for using excessive force against him on October 2, 2021, in violation of the Fourteenth Amendment[.]" ECF 9 at 3. This incident occurred while Mr. Winborn was housed at the St. Joseph County Jail (SJCJ) as a pretrial detainee. ECF 3. On June 20, 2022, the defendants filed a motion for summary judgment, arguing Mr. Winborn did not exhaust his administrative remedies at the SJCJ before filing suit. ECF 20. With the motion, the defendants provided Mr. Winborn the notice required by N.D. Ind. L.R. 56-1(f). ECF 23. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to

evidence supporting each dispute of fact. This deadline passed over four months ago, but Mr. Winborn has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to

2

exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Warden of the SJCJ.[1] During the time of the incident alleged in Mr. Winborn's complaint, the SJCJ had a grievance process in place for inmates and detainees to bring forth complaints regarding any issue related to jail conditions, including the use of excessive force. ECF 22-1 at 1-2. When Mr. Winborn was booked into the SJCJ, he was provided an inmate handbook that notified him of the required steps of the grievance process. *Id.*; ECF 22-2. Specifically, the inmate handbook notified Mr. Winborn that the first step of the grievance process was to submit a grievance form to his pod deputy. ECF 22-1 at 2; ECF 22-2 at 12. Despite having the opportunity and ability to submit a grievance form, Mr. Winborn never submitted any grievance form to his pod deputy prior to filing his complaint. ECF 22-1 at 3. Accordingly, the undisputed facts show Mr. Winborn did not exhaust the first step of the SJCJ's grievance process prior to filing this lawsuit.

Here, because it is undisputed Mr. Winborn did not exhaust the SJCJ's grievance process prior to filing his complaint, and Mr. Winborn provides no evidence the grievance process was unavailable, the defendants have met their burden to show Mr.

---

[1] Because Mr. Winborn has not responded to the defendants' summary judgment motion, the court accepts the Warden's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Winborn did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Tevin D. Winborn and to close this case.

SO ORDERED.

December 7, 2022                                          *s/ Damon R. Leichty*
                                                          Judge, United States District Court